# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEPHANI S. BUERGER, | : |
| Plaintiff, | : |
| vs. | :  CA 22-0052-JB-MU |
| DEPARTMENT OF THE TREASURY INTERNAL REVENUE SERVICE and PRESIDENT JOSEPH R. BIDEN, JR., | : |
| Defendants. | |

## REPORT AND RECOMMENDATION

This *pro se* action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(S), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action, without prejudice, based upon Stephani S. Buerger's failure to prosecute this action by not complying with the Court's Order dated and entered March 21, 2022 (Doc. 5).

On February 7, 2022, Stephani S. Buerger filed a handwritten complaint seeking relief in this Court. (*See* Doc. 1). Because Plaintiff did not pay the filing fee when she filed her complaint, nor did she file a motion to proceed without prepayment of fees (*see* Docket Sheet), she was ordered to either pay the filing fee or file an IFP motion not later than March 11, 2022 (*see* Doc. 2). Buerger was specifically warned that her "failure to comply with this Order within the required time will result in the dismissal of this action for failure to prosecute and to comply with the Court's Order." (*Id.*, PageID. 28). Instead of complying with the undersigned's order, Plaintiff filed on March 18, 2022 (seven days

late), a letter "demanding" immediate acknowledgment and full explanation of the February 10, 2022 Order. (*See* Doc. 4, PageID. 40). The undersigned then penned and entered an order on March 21, 2022, specifically explaining to Buerger this Court's form IFP form, including instructing her that she did not have to complete Section VIII of the form because she is not a prisoner housed in a penal institution but that the Court expected her to complete fully Sections I through VII of the form IFP motion. (*See* Doc. 5, PageID. 45). Burger was again instructed to complete and file this Court's form *in forma pauperis* motion or, otherwise, to pay the $402.00 filing fee, this time by not later than **April 5, 2022.** (*See id.,* PageID. 45-46). In addition, Plaintiff was again warned that her "failure to comply with this Order by **April 5, 2022,** will result in the dismissal of this action without prejudice for failure to prosecute and to comply with the Court's Order." (*Id.*, PageID 46). And, finally, Buerger was "additionally cautioned that she should not tarry in filing either the filing fee or a completed IFP motion with this Court by **April 5, 2022**, as she did with the filing of her letter[.]" (*Id.,* citing Docs. 2 & 4).

It is now **April 6, 2022,** and Buerger has not paid the filing fee or filed a motion to proceed without prepayment of fees, as she was instructed (again) in the March 21, 2022 Order (*see* Doc. 5), nor is there any indication that Buerger did not receive a copy of the Court's Order (*see* Docket Sheet). Buerger is no stranger to federal court and certainly knows how to file a motion to proceed without prepayment of fees, *see, e.g., Buerger v. United States Dep't of Health & Human Servs.,* CA 20-0412-TFM-MU, Doc. 2, and understands how to file other paperwork, as reflected by the documents she sent to this Court for its review in this very case (*see* Doc. 3) and her letter of inquiry (Doc. 4). Indeed, Buerger has no excuse for failing to file her IFP motion timely (or paying the

2

filing fee), given the explicit instructions given to her by the undersigned in the follow-up Order dated and entered on March 21, 2022 (*see* Doc. 5).

An action may be dismissed if a plaintiff fails to prosecute it or if she fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *Brown v. Tallahassee Police Dep't,* 205 Fed.Appx. 802, 802-03 (11th Cir. Nov. 15, 2006) (affirming a without dismissal prejudice of a *pro se* action for failure to follow a court order); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation), *cert. denied,* 549 U.S. 1228, 127 S.Ct. 1300, 167 L.Ed.2d 113 (2007); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

Although Buerger untimely responded to the Court's Order dated and entered on February 10, 2022 (*see* Doc. 4; *compare id. with* Doc. 2), she has not responded to the Court's follow-up Order dated and entered March 21, 2022, instructing her to pay the $402.00 filing fee or, otherwise, file a completed copy of this this Court's form motion to proceed without prepayment of fees by not later than April 5, 2022 (*compare* Docket Sheet *with* Doc. 5). Therefore, it is recommended that Buerger's present action be **DISMISSED WITHOUT PREJUDICE**, pursuant to Fed.R.Civ.P. 41(b), due to her failure

3

to prosecute this action by complying with this Court's lawful order dated and entered on March 21, 2022.[1]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before

---

[1] Dismissal of this action now without waiting any additional time to hear from Buerger is reasonable because the free-world Plaintiff has shown an ability to correspond with this Court (*see* Docs. 3-4), there is nothing indicating that Plaintiff did not receive a copy of the Court's March 21, 2022 Order (*see* Docket Sheet), and Buerger was specifically cautioned about the consequences of her failure to timely respond to the Order (*see* Doc. 5, PageID. 46).

4

the Magistrate Judge is not specific.

**DONE** this the 6th day of April, 2022.

                                s/P. Bradley Murray
                               **UNITED STATES MAGISTRATE JUDGE**